UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BARRY CADE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:09-cv-1033-WTL-JMS |
| ) | |
| CORRECTIONAL CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

The defendants' motion for summary judgment in this civil rights action, as with any such motion, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

**Discussion**

Barry Cade was formerly an inmate at the Marion County Jail II ("Jail"). The defendants are Corrections Corporation of America ("CCA"), Officer Milton Spells, Officer Keneatha Patten, Officer Jamaica Mosley, Officer Natalie Sutton, and Lieutenant Michael Bruce. Cade's claims are that: (1) Officer Spells, Officer Patten and Officer Mosley delayed in providing him with medical care on March 7, 2009; and (2) Lieutenant Bruce used constitutionally excessive force against Cade by applying pressure on Cade's finger while transferring Cade to the segregation unit on March 7, 2009. Officer Sutton is also a defendant, but no allegation of misconduct is made as to her.

As noted, the defendants seek resolution of Cade's claims through the entry of summary judgment. Because Cade has not filed a response to such motion, the facts properly adduced in support of it must be treated as true for the purpose of ruling on it. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

Cade's claims are asserted pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994); see *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision."). Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. Such a claim is assessed using the same standards for deliberate indifference as used for an Eighth Amendment claim. *Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007). The same is true as to a detainee's claim of excessive force. *Wilson v. Williams,* 83 F.3d 870, 876-]77 (7th Cir. 1996).

The two distinct claims by Cade are asserted against different groups of defendants.[1] The claim of delay in securing medical care for Cade's cold-like symptoms on March 7, 2008, is asserted against defendants Officer Spells, Officer Patten and Officer Mosley. The claim of the use of excessive force is asserted against defendant Lieutenant Michael Bruce. Each claim is asserted against the defendant individuals' employer, the CCA.

! "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007). Cade sought referral to medical staff because of a runny nose and other cold-like symptoms. This did not constitute a serious medical need. The brief delay (a few hours) in arranging for Cade's symptoms to be assessed and treated is no different. *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir.1996)("an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"). In addition, the efforts of defendants Officer Spells, Officer Patten and Officer Mosley to have Cade seen and treated by the medical staff negate the presence of deliberate indifference on their parts. *Farmer v. Brennan,* 511 U.S. 825, 845 (1994)("Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause").

---

[1] In the case of defendant Sutton, there is no claim at all. She is therefore entitled to the issuance of summary judgment based on the *absence* of any allegation or evidence that she was personally involved in any of the mistreatment Cade alleges. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

! Lt. Michael Bruce used a pressure grip on Cade in order to gain control over Cade's behavior at a time when it had been determined that Cade would be moved to a different cell because of his disruptive behavior. The use of this force was not constitutionally excessive. *Richman v. Sheahan*, 512 F.3d 876, 881-82 (7th Cir. 2008)(noting that the "test in eighth amendment excessive force cases . . . [is] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").

! The claim against the CCA fails. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009).

Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Cade has presented no claim of that nature in this case. For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment (dkt 31) is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/18/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana